**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| David Richard Walker, | ) | |
| | ) | Civil Action No.: 3:19-cv-02558-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| | ) | |
| | ) | |
| Robert M. Dudek, David R. Alexander, | ) | |
| Bryan P. Stirling, Henry D. McMaster, | ) | |
| Robert M. Madsen, Sarah A. Mauldin, | ) | |
| Shannon M. O' Cain, Thomas E. Huff | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on September 24, 2019. (ECF No. 9.) The Report addresses Plaintiff David Walker's ("Plaintiff") suit under 42 U.S.C. § 1983 and recommends that the court summarily dismiss Plaintiff's Complaint. For the reasons stated herein, the court **ACCEPTS** the Report and **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 9.) As brief background, on September 11, 2019, Plaintiff, proceeding *pro se*, filed his Complaint against his defense attorneys, a state court judge, South Carolina Governor McMaster, and the South Carolina Department of Corrections ("SCDC") executive director, alleging constitutional violations pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Specifically, in his Complaint, Plaintiff alleges that he only requested assistance of counsel to help him with "Print-Out(s) of Information (from the web), and to type hand-written briefs(s) and motions/relevant with his appeal." (*Id.* at 12.) Plaintiff contends that, instead of limiting

1

representation to prints outs and typing, Defendants Dudek and Alexander—his attorneys—represented him in state court without his consent and violated his civil rights because he never retained them. (*Id*. at 9.) Plaintiff also alleges that Judge Huff violated his rights when he permitted Dudek and Alexander to represent Plaintiff, even though Judge Huff was obligated to order the attorneys to "immediately terminate their litigations [sic] and filings" on behalf of Plaintiff in the South Carolina Court of Appeals. (*Id*. at. 10). Finally, Plaintiff alleges that Defendant Sterling of SCDC violated his civil rights because he failed to prevent the unlawful representation [by Dudek and Alexander]. (*Id*.) In terms of relief, Plaintiff requests that the Court enter a preliminary and permanent injunction, ordering "that Appeal (Appellate No. 2017-000550) [briefs] filed and litigated by Attorneys Robert M. Dudek and David R. Alexander be strike[n], removed, and . . . refused [by] the SC Court [of] Appeals." (*Id*. at 21.) Plaintiff also seeks compensatory damages and punitive damages. (*Id*. at 22.) Plaintiff finally asks this Court to (1) order Defendants Dudek and Alexander to terminate their representation of Plaintiff, (2) order the South Carolina Court of Appeals to restart the appeal in that court without the assigned attorneys on the case, and (3) order Defendants to relinquish all of Plaintiff's files in their possession. (*Id*.)

On September 24, 2019, the Magistrate Judge issued a Report. (ECF No. 9.) The Report reasoned that Plaintiff's Complaint "is subject to summary dismissal" as it is a frivolous one. Specifically, the Magistrate Judge found that all "Defendants are entitled to dismissal (some, due to immunity) and found that Plaintiff has failed to state a claim for relief." (*Id*. at 6.) Significantly, the Report also concluded that no Defendants is a "person" under 42 U.S.C. § 1983. (*Id*.) For these reasons, the Report ultimately recommended that the court summarily dismiss Plaintiff's Complaint. (*Id*. at 14.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

The parties were apprised of their opportunity to file objections to the Report on September 24, 2019. (ECF No. 9 at 14.) Objections to the Report were due by October 8, 2019. (ECF No. 9.) However, objections were due by October 11, 2019, if a party was served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45. (*Id.*) Neither party filed objections to the Report.[1] In the absence of timely objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Instead, the court must only satisfy itself that there is no clear error

---

[1] While the court understands that *Houston v. Lack*, 487 U.S. 266 (1988) affords *pro se* prisoners additional time to respond to mailings, this court has determined that the defects in Plaintiff's Complaint are not curable and any objections or motions to amend are rendered futile in this instance.

on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). After a thorough review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in the instant case. (ECF No. 9.) Because there are no objections, the court adopts the Report herein. *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 9) and incorporates it herein. Therefore, the court **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE.**[2]

---

[2] The undersigned finds that Plaintiff cannot cure the defects in his Complaint by mere amendment and, therefore, the instant action is dismissed without affording Plaintiff an opportunity to amend because amendment would be futile. *See Goode v. Cent. Va. Legal Aid Soc'y*, Inc., 807 F.3d 619, 624 (4th Cir. 2015); *Thomas v. Drive Auto. Indus. of Am., Inc.*, No. 6:18-cv-169-AMQ, 2018 WL 5258811, at *2 (D.S.C. July 25, 2018) (declining to automatically give plaintiff leave to amend pursuant to *Goode* because plaintiff could not cure the defects in his claims against defendant by mere amendment), *Report and Recommendation adopted by* 2018 WL 5255183 (D.S.C. Oct. 22, 2018); *Workman v. Kernell*, No. 6:18-cv-00355-RBH-KFM, 2018 WL 4826535, at *2 (D.S.C. Oct. 2, 2018) (declining to give plaintiff leave to amend because it would be futile for plaintiff to amend his complaint against the defendants being dismissed), *aff'd*, 766 F. App'x 1 (4th Cir. 2019). Here, Plaintiff's state court appeal remains pending at this time, and he is able to raise the issues complained of herein regarding counsel's representation with the state court. Further, dismissal without leave to amend is proper because Defendants are not state actors or are immune from suit under § 1983, and Plaintiff would be unable to allege facts to show that these Defendants are proper Defendants in such an action.

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

October 11, 2019
Columbia, South Carolina